JEANE HAMILTON (CSBN 157834)
ALBERT B. SAMBAT (CSBN 236472)
DAVID J. WARD (CSBN 239504)
CHRISTINA M. WHEELER (CSBN 203395)
MANISH KUMAR (CSBN 269493)
U.S. Department of Justice
Antitrust Division
450 Golden Gate Avenue
Box 36046, Room 10-0101
San Francisco, CA 94102
david.ward@usdoj.gov
Telephone: (415) 436-6660

Attorneys for the United States

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) Criminal No. CR 11-00798 CRB (JS) <br> ) <br> ) STIPULATION AND (~~PROPOSED~~) <br> ) ORDER EXCLUDING TIME UNDER <br> ) THE SPEEDY TRIAL ACT FROM <br> ) NOVEMBER 28, 2011 TO JANUARY <br> ) 18, 2012 |
| v. | |
| KEITH GOODMAN, | |
| Defendant. | |

On November 28, 2011, the parties in this matter appeared before the Honorable Magistrate Judge Joseph C. Spero for an initial appearance and arraignment. During this appearance, the parties stipulated that time should be excluded from the Speedy Trial Act calculations from November 28, 2011 until January 18, 2012 for effective preparation of counsel. The parties represented that granting the continuance was for the reasonable time necessary for effective preparation of defense counsel, taking into account the exercise of due diligence. See 18 U.S.C. § 3161(h)(7)(A) and (B)(iv).

//

SPEEDY TRIAL ACT STIPULATION – 1

The parties also agree that the ends of justice served by granting such a continuance outweigh the best interests of the public and the defendant in a speedy trial. See 18 U.S.C. § 3161(h)(7)(A).

SO STIPULATED:

| _____/s/_____ | _____/s/_____ |
|---|---|
| Douglas L. Rappaport | David J. Ward |
| Law Office of Douglas L. Rappaport | Jeane Hamilton |
| Counsel for Defendant Keith Goodman | Albert B. Sambat |
| | Christina M. Wheeler |
| | Manish Kumar |
| | Trial Attorneys |
| | United States Department of Justice |
| | Antitrust Division |

As the Court found on November 28, 2011, and for the reasons stated above, the Court finds that an exclusion of time from November 28, 2011 to January 18, 2012, is warranted and that the ends of justice served by the continuance outweigh the best interests of the public and the defendant in a speedy trial. See 18 U.S.C. § 3161 (h)(7)(A). The failure to grant the requested continuance would deny the defendant and deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence, and would result in a miscarriage of justice. See 18 U.S.C. § 3161(h)(7)(B)(iv).

SO ORDERED.

DATED: 11/30/11

_____
JOSEPH C. SPERO
United States Magistrate Judge

SPEEDY TRIAL ACT STIPULATION – 2